IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ALFREDO C. MICHEL, Register No. 1005390, )
                           Plaintiff, )
                           v. )   No. 08-4070-CV-C-SOW
DAVID DORMIRE, et al., )
                           Defendants. )

**REPORT AND RECOMMENDATION**

      Plaintiff Alfredo Michel, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Also listed as plaintiffs in the style of the case are Mauricio Michel and Maria Laura Cisneros, who are apparently family members of Alfredo Michel. Neither Mauricio Michel nor Maria Laura Cisneros submitted the filing fee or an affidavit to proceed in forma pauperis and Maria Laura Cisneros did not sign the complaint. Accordingly, their claims will be recommended dismissed.

      Named defendants are Dave Dormire and Mike Kemna.

      Plaintiff Alfredo Michel complains that defendants reject mail from his family that is not written in English and that this discriminates against him due to his national origin and because he speaks Spanish. Plaintiff requests the court to order defendants to get a Spanish reading interpreter on staff so his letters will not be rejected.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Upon review, plaintiff Alfredo Michel's claims should be dismissed, pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Michel v. Kemna, No. 05-6114 (W.D. Mo. 2006); Michel v. Dormire, No. 05-4178 (W.D. Mo. 2005); Michel v. Heather, No. 05-4187 (W.D. Mo. 2005); Michel v. Correctional Medical Services, No. 05-4197 (W.D. Mo. 2006); Michel v. Corser, No. 05-4215 (W.D. Mo. 2005); and Michel v. Grisham, No. 05-4229 (W.D. Mo. 2006).

Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury." Thus, his claims should be dismissed, without prejudice, subject to refiling upon payment of the filing fee in full.

THEREFORE, IT IS RECOMMENDED that plaintiff Alfredo Michel be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). It is further

RECOMMENDED that the claims of Mauricio Michel be dismissed, without prejudice, for failure to comply with the filing requirements set forth in Fed. R. Civ. P. 11(a) and 28 U.S.C. §§ 1914 and 1915. It is further

RECOMMENDED that the claims of Maria Laura Cisneros be dismissed, without prejudice, for failure to comply with the filing requirements set forth in 28 U.S.C. §§ 1914 and 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 14th day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge